Victor Young **LEE, Petitioner—Appellant,**

v.

**A.A. LAMARQUE, Warden; Cal Terhune, Director of The Department of Corrections, Respondents—Appellees.**

No. 00–56360.
D.C. No. CV–00–00045–AHS.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.[*]

Decided Nov. 26, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BRIGHT,** KOZINSKI, and W. FLETCHER, Circuit Judges.

### MEMORANDUM ***

Petitioner Victor Young Lee appeals the district court's denial of his petition for writ of habeas corpus. As the facts are known to the parties, we do not recite them here. For the reasons discussed below, we affirm.

After the April 23, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court may grant a habeas petition on behalf of a person in custody pursuant to the judgment of a state court only if that court's decision was contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Under AEDPA, "we must reverse a state court's decision as involving an 'unreasonable application' of clearly established federal law when our independent review of the legal question does not merely allow us ultimately to conclude that the petitioner has the better of two reasonable legal arguments, but rather leaves us with a 'firm conviction' that one answer, the one rejected by the

court, was correct and the other, the application of the federal law that the court adopted, was erroneous—in other words that clear error occurred." *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir. 2000) (internal citations omitted).

■ Lee argues that the detectives' initial violation of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), rendered involuntary his subsequent Mirandized statements. The state court decision rejecting that argument was not an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000). In *Oregon v. Elstad,* 470 U.S. 298, 314, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), the Supreme Court held that "absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion," and "[a] subsequent administration of *Miranda* warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement." Thus, the detectives' initial violation of Lee's *Miranda* rights is not enough by itself to render involuntary his subsequent Mirandized statements.

■ Lee's alternative argument is that even if the intentional violation of *Miranda* alone is not enough to render inadmissible the later statements, this violation, when combined with other deliberately coercive tactics by the police, requires a finding of involuntariness and a suppression of both the Mirandized confession and the weapon

---

** Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that was the "fruit" of that confession. Again, the state court's application of relevant Supreme Court precedent was not unreasonable.

"[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). In examining whether the police used coercive activity to undermine Lee's ability to exercise his free will, the state court properly examined "all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The state court found that the police did make false representations, suggest self-defense story lines, and imply that the district attorney might be more lenient if Lee confessed to a lower level of culpability; but it found that other factors—most notably the relatively short duration of the interrogation and the understanding of interrogation techniques that Lee gained in his training at the police reserve academy—indicated that Lee's will ultimately was not overborne. The pre-*Miranda* conduct by the officers, though certainly giving some cause for concern, is not so strongly indicative of coercion as to render the state court's finding of voluntariness an "unreasonable application of clearly established federal law."

AFFIRMED.